IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GEORGE LANE,

      Petitioner,

  v.                                  CASE NO. 2:05-cv-1136
                                      JUDGE GRAHAM
WANZA JACKSON, Warden,         Magistrate Judge Kemp

      Respondent.

**OPINION AND ORDER**

On August 29, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

In claim one of this habeas corpus petition, petitioner asserts that the evidence was constitutionally insufficient to sustain his aggravated murder conviction; in claim two, petitioner asserts that his aggravated murder conviction was against the manifest weight of the evidence. The Magistrate Judge recommended dismissal of claim one as procedurally defaulted, and dismissal of claim two as inappropriate for federal habeas corpus review.

Petitioner objects to the Magistrate Judge's recommendations. Petitioner again argues that Ohio's Supreme Court Rule of Practice II, Section 2(A)(4)(a), the provision governing delayed appeals in the Ohio Supreme Court, does not constitute an adequate and independent state ground to preclude federal habeas corpus review under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

In view of *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), petitioner's argument fails. *See also Smith v. State of Ohio Dept. Of Rehabilitation and Corrections*, – F.3d –, 2006 Fed.App. 0347P, 2006 WL 2571395 (6th Cir. September 8, 2006), citing *Bonilla v. Hurley, supra*.

Petitioner also again asserts, as cause for his procedural default in failing to file a timely appeal to the Ohio Supreme Court, the ineffective assistance of counsel. As detailed in the Magistrate Judge's *Report and Recommendation*, the state appellate court dismissed petitioner's appeal on November 4, 2004. Exhibit 6 to Return of Writ. On September 14, 2005, petitioner filed a motion for delayed appeal with the Ohio Supreme Court, which motion was summarily denied. Exhibit 7 to Return of Writ. However, petitioner states that appellate counsel improperly failed to advise him that he needed to file an appeal to the Ohio Supreme Court within forty-five days of the appellate court's decision denying his appeal before seeking habeas corpus relief. According to petitioner, he was unable to file a timely appeal with the Ohio Supreme Court because he was transferred from the Ross Correctional Institution to the Lebanon Correctional Institution on February 11, 2004, and although he advised counsel of his new address, his attorney sent notice of the appellate court's decision denying his appeal to the Ross Correctional Institution.

> Around December of 2004, my attorney contacted my mother, Karen Lane, telling her that he had sent the [appellate] court's opinion to me at R.C.I., and [it] was returned to him. At this time he sent her by mail the [appellate] court's opinion.
>
> My mother... sent me the [appellate] court's opinion around the end of December 2004.
>
> At this time my 45 days for appealing to the Ohio Supreme Court had expired.

*Affidavit of Petitioner, see Traverse*. Petitioner submitted an affidavit from his mother, Karen Lane, which indicates that, on February 28, 2005, Lane learned from the Franklin County Clerk of Court

that petitioner's appeal had been denied. *Affidavit of Karen Lane, see Traverse*. On March 8, 2005, Lane met with petitioner's attorney and told him that petitioner did not know about the state appellate court's decision. *Id*. Appellate counsel told Lane he had mailed a copy of the decision to the Ross Correctional Institution. He assumed petitioner had received it, since the mailing had not been returned as undeliverable. *Id*. On March 14, 2005, Lane forwarded a copy of the appellate court's decision to petitioner. *Id.*

The ineffective assistance of counsel may constitute cause for a procedural default, so long as such claim has been presented to the state courts and is not itself procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). As noted by the respondent, *see Response to Petitioner's Objections*, at 2, n.1, petitioner has never presented a claim of ineffective assistance of appellate counsel to the state courts. He still may file a delayed application to reopen the appeal pursuant to Ohio Appellate Rule 26(B); however, review of the record does not indicate that the ineffective assistance of counsel constitutes cause for petitioner's procedural default. This Court therefore will not address whether a stay of proceedings is appropriate for exhaustion of such claim. *See Rhines v. Weber*, 544 U.S. 269(2005); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir.2002).

In *Smith v.State of Ohio Dept. Of Rehabilitation and Corrections*, *supra*, the United States Court of Appeals for the Sixth Circuit recently affirmed but criticized the decision of the United States District Court for the Northern District of Ohio in *Smith v. Ohio, Dept. Of Rehabilitation and Correction*, 331 F.Supp.2d 605, 618 (N.D. Ohio 2004), referred to by the Magistrate Judge, *see Report and Recommendation* at 14-15, and held that an attorney's failure to timely notify a defendant of the denial of his appeal constitutes ineffective assistance of counsel within the meaning of *Strickland v. Washington* 466 U.S. 668 (1984), and may indeed constitute cause for a petitioner's

failure to file a timely appeal in the Ohio Supreme Court:

> [A]ppellate counsel's duties do not terminate the moment the court of appeals hands down its decision.... [A]ppointed counsel's duties in representing a client during that legal proceeding include the duty of informing her client of the outcome of the proceeding. *See Paris v. Turner*, No. 97-4129, 1999 WL 357815, at *2-*3 (6th Cir. May 26, 1999) (unpublished opinion) (holding in part that due to counsel's delay in informing defendant of the decision on his first appeal of right and counsel's "fail[ure] to communicate to his client how to proceed with further appeals," it cannot "fairly be said that [the defendant] truly had his first appeal of right"), *cert. denied*, 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 788 (2000). The Constitution requires "that counsel make objectively reasonable choices," and must do so not only during the legal proceeding for which the counsel represents the client, but also after the judicial proceeding has concluded in determining whether an appeal should be filed. *Roe v. Flores-Ortega*, 528 U.S. 470, 479, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). The Supreme Court has applied this standard to hold that trial counsel has a constitutional duty to consult with clients about filing an appeal after the trial proceedings have concluded "when there is reason to think either (1) that a rational defendant would want to appeal ..., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480, 120 S.Ct. 1029 (expecting that lower courts will find that "in the vast majority of cases ... counsel had a duty to consult with the defendant about an appeal," *id*. at 481, 120 S.Ct. 1029).
>
> "From counsel's function as assistant to the defendant derive the overarching duty to advocate the defendant's cause and the more particular duties to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution. " *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052 (emphasis added). Because the decision regarding whether to "take an appeal" is a "fundamental decision [ ]" that "the accused has the ultimate authority to make," *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), counsel has a duty to inform the accused of the resolution of a proceeding in a timely fashion so that the accused retains his control over the decision to appeal. Local Rule 9(B) of the Ohio Court of Appeals for the Ninth District, the court that issued the decision at issue, states that "[t]he clerk of court for each county shall mail copies of journal entries, court notices, and the final decision and journal entry to counsel of record for a party to the appeal at the last known business address of counsel as listed in

4

> the court of appeals' records." The only way that Smith could have learned of the unpublished decision of the Ohio Court of Appeals affirming his conviction was if his counsel notified him. When she failed to do so, Smith was without any means of notice of the decision and thus did not and could not know that the forty-five day deadline for filing a notice of appeal to the Ohio Supreme Court had started to run.

*Id.* In *Smith v.State of Ohio Dept. Of Rehabilitation and Corrections*, *supra,* the Sixth Circuit further held that "[w]hen... a defendant alleges that his counsel's ineffective assistance led 'to the forfeiture of a proceeding itself' by denying him the opportunity to appeal and thus to the appeal proceeding itself, prejudice is presumed." *Id.*, quoting *Roe v. Flores-Ortega*, *supra,* 528 U.S. at 483. For the presumption of prejudice to apply, the defendant must show counsel's failure to provide timely notification actually caused forfeiture of his appeal. *Id.*, citing *Roe v. Flores-Ortega*, *supra,* 528 U.S. at 484.

> In assessing whether a defendant... "would have timely appealed," ... we apply a rebuttable presumption that if the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is greater than the period allotted by state law for the timely filing of an appeal--here, forty-five days--the defendant fails to demonstrate that he or she "would have timely appealed" the decision but for the counsel's deficient failure to notify the defendant of the decision. In the absence of other circumstances hindering the defendant's ability to attempt to appeal the decision within this time frame, allowing a greater amount of time would generally bestow a windfall upon the defendant whose counsel promptly failed to notify the defendant of a decision.

*Id.* Petitioner does not meet this test here.

According to petitioner, he received a copy of the appellate court's decision "around the end of December 2004." *Affidavit of Petitioner*. His mother, Karen Lane, indicates that she forwarded a copy of the appellate court's decision to petitioner on March 14, 2005. Thus, even assuming that petitioner did not obtain a copy of the state appellate court's decision denying his appeal until March

5

2005, he waited approximately six months, until September 2005, to file his motion for delayed appeal with the Ohio Supreme Court.

Petitioner nonetheless asserts, as cause for this delay, that he was transferred from the Lebanon Correctional Institution to the Warren Correctional Institution, and was unable to obtain legal assistance from another inmate. *See Affidavit of Petitioner; Traverse.* However, petitioner has the burden of establishing cause and prejudice for his procedural default. *Hinkle v. Randle,* 271 F.3d 239, 245 (6th Cir. 2001), citing *Lucas v. O'Dea,* 179 F.3d 412, 418 (6th Cir. 1999)(internal citation omitted). As discussed by the Magistrate Judge, such allegations do not constitute cause for petitioner's procedural default. Petitioner simply has failed to establish that any objective factor external to the defense prevented him from filing his motion for delayed appeal until September 2005.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. For all of the foregoing reasons, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

**It is so ORDERED.**

s/James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE:  October 25, 2006